for a reversal of the judgment herein and a dismissal of the complaint on the merits.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with appropriate costs in the court below.

LEHMAN and WEEKS, JJ., concur.

Judgment reversed, with costs.

---

ISAAC WECHSLER and JACOB WECHSLER, Respondents, *v.* PICARD IMPORTING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1916.)

Bailment — when predicated on contractual relation — bailor and bailee — negligence.

A bailment must be predicated upon some contractual relation, express or implied, between the bailor and the bailee upon the delivery of the goods.

Where, in an action to recover the stipulated value of two packages of merchandise which plaintiffs claimed were delivered to defendant and which it agreed to inclose in a case containing other merchandise which it was to ship to a certain party, it appears that defendant never voluntarily agreed to accept the goods or to forward them to that party, it cannot be held liable as a gratuitous bailee where he was tricked and deceived into parting with the goods and, in this respect, was no more negligent than the owner, both being the victims of a swindler, and a judgment in plaintiffs' favor will be reversed and the complaint dismissed on the merits.

APPEAL from a judgment rendered in the Municipal Court, borough of Manhattan, first district, in favor of the plaintiff for the sum of $126.50 damages and costs.

Oscar Englander (Harry M. Markson, of counsel), for appellant.

Frank F. Bergenfeld, for respondents.

DELEHANTY, J.   This action was brought to recover the stipulated value of ·two packages of merchandise which plaintiffs claim were delivered to defendant, and which defendant agreed to inclose in a case containing other merchandise which it was to ship to Crosby Brothers Company, Topeka, Kan.   At the trial it was shown that one Gilbert, a swindler, fraudulently representing himself to be a buyer for the Crosby concern, visited the places of business of both plaintiffs and defendant, ordering goods from each.   His first appearance was at defendant's office.   This was located in a small room with two other tenants — Silverman, a representative of a German concern, and Michael, a dealer in envelopes.   Each tenant had his name on the door.   Gilbert ordered from Leopold Picard, of the Picard company, some $300 worth of fountain pens, and desired to have them shipped by an express company of his own selection.   This did not meet with the approval of said Picard, and he declined to let the goods go out until he made an investigation.   Meantime Gilbert went to plaintiffs' establishment and ordered two boxes of suspenders and neckties.   He gave directions that these goods should be sent to the Picard Importing Company to be inclosed by that concern with goods purchased from it for shipment to the Crosby company in Topeka.   Plaintiffs' goods were addressed to Crosby Brothers Company, Topeka, Kan., and were sent to the Picard company's office accordingly.   When they arrived the only person on the premises was the tenant, Silverman, Picard himself having gone that day direct from his house to call

upon certain of his customers.   Silverman accepted the goods and signed a receipt therefor.   He put the goods in Picard's room and went out.   The tenant, Michael, then arrived, and thereafter Gilbert came and asked to see the goods that he had caused to be sent from plaintiffs' place of business.   He was allowed to see the goods, and upon an apparent examination thereof complained that they were not right, and that plaintiffs must be irresponsible people.   He said he would immediately return the goods to them, and Michael allowed him to remove both boxes from the premises.   Later Picard came to the office and learned what had transpired.   He tried to trace where the goods came from, and finally located the plaintiffs next morning, when he told them what had happened. Picard testified that plaintiffs thanked him and said that he had saved them from shipping out a further order of $500.   Gilbert and the goods were never seen again.

I am of the opinion that upon the facts presented by the record in this case the judgment should be reversed. The defendant never voluntarily agreed to accept the goods or forward them to Crosby Brothers, and the plaintiffs are now attempting to thrust such an obligation upon it.   The defendant is sought to be held liable on the theory that it was a gratuitous bailee of the goods in question.   A bailment must be predicated upon some contractual relation, express or implied, upon the delivery of the goods, between the bailor and bailee.   There is evidence that the tenants occupying the room with the Picard concern performed a number of acts for the mutual accommodation of one another, but I do not find that they were of such character as to constitute an agency on the part of Silverman or Michael for the receipt or delivery of the goods in question.   But even assuming that Picard was bound

by their acts upon the theory of agency, still I do not think there is sufficient ground for sustaining this judgment. A gratuitous bailee is liable only for gross negligence, and the facts in this case fall short of establishing that. Defendant was tricked and deceived into parting with the goods, and in this respect it was certainly no more negligent than the owner thereof. Both were victims of the swindler, and it seems to me that it would be clearly unjust under the circumstances presented to permit the plaintiffs to fasten their loss upon the defendant. See *Krumsky* v. *Loeser*, 37 Misc. Rep. 505.

Judgment should be reversed, with thirty dollars costs, and complaint dismissed upon the merits, with appropriate costs in the court below.

LEHMAN and WEEKS, JJ., concur.

Judgment reversed, with costs.